# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSHUA D. THORNBURY,
            Appellant,

            v.

DEPARTMENT OF VETERANS
    AFFAIRS,
            Agency.

DOCKET NUMBER
DE-0752-14-0490-X-1

DATE:  January 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael A. Shaw, Esquire, Cottonwood, Arizona, for the appellant.

Maxine N. Romero, Esquire, Phoenix, Arizona, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

On February 13, 2018, the administrative judge issued a compliance initial decision finding the agency noncompliant with the November 17, 2016 initial decision in the underlying matter, which reversed the appellant's removal and ordered the agency to restore him to duty and pay him appropriate back pay and

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

benefits. *Thornbury v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-14-0490-C-2, Compliance File, Tab 8, Compliance Initial Decision (CID); *Thornbury v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-14-0490-I-2, Tab 18, Initial Decision (ID). The initial decision became the Board's final decision on December 22, 2016, after neither party filed a petition for review. In the compliance initial decision, the administrative judge ordered the agency to submit evidence of full compliance. CID at 5. For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

In the compliance initial decision, the administrative judge informed the agency that, if it decided to take the actions required by the decision, it must submit to the Office of the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it had taken the actions identified in the compliance initial decision, along with evidence establishing that it has taken those actions. CID at 5-6; *see* 5 C.F.R. § 1201.183(a)(6)(i). He also informed the parties of their option to request Board review of the compliance initial decision by filing a petition for review by March 20, 2018, the date on which the findings of noncompliance would become final unless a petition for review was filed. CID at 6; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii), 1201.183(b). Neither party filed any submission with the Clerk's Office within the time limit set forth in 5 C.F.R. § 1201.114. Accordingly, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance. *See Thornbury v. Department of Veterans Affairs*, MSPB Docket No. DE-0752-14-0490-X-1, Compliance Referral File (CRF), Tab 1.

When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Id.* The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

After the Board issued an Acknowledgement Order regarding the referral of compliance issues, CRF, Tab 1, the parties submitted a series of pleadings, the most recent of which were filed April 4, 2023, and August 18, 2023, and were styled "joint response[s]" addressing outstanding compliance matters. CRF, Tabs 35-36. In the April 4, 2023 submission, the parties indicated that the agency had "fully complied with the monies owed Appellant with the exception" of $458.19, which the parties stated was "still in a pending status with DFAS." CRF, Tab 35 at 4-5. In the August 18, 2023 submission, the parties "jointly assert[ed] the [] [petition for enforcement] concerning DE-0752-14-0490-X-1 has been fully resolved." CRF, Tab 36 at 3.

In view of the parties' stipulation that the case has been fully resolved, we find the agency in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Jennifer Everling*

FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.